**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DAKOTA FAIRCLOTH,<br>Plaintiff,<br>v.<br>SUSANVILLE SOCIAL SECURITY OFFICE, et al.,<br>Defendants. | No. 2:25-cv-0984-DC-DMC<br><br>ORDER |

Plaintiff, who is proceeding pro se, brings this civil action. Pending before the Court is Plaintiff's original complaint, ECF No. 1.

The Court is required to screen complaints brought by litigants who, as here, have been granted leave to proceed in forma pauperis. See 28 U.S.C. § 1915(e)(2). Under this screening provision, the Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(A), (B). Moreover, pursuant to Federal Rule of Civil Procedure 12(h)(3), this Court must dismiss an action if the Court determines that it lacks subject matter jurisdiction. Pursuant to Rule 12(h)(3), the Court will also consider as a threshold matter whether it has subject-matter jurisdiction.

/ / /

Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because Plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the Court to conduct the screening required by law when the allegations are vague and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff names the following two Defendants: (1) Susanville Social Security Office; and (2) U.S. Social Security Administration. See ECF No. 1, pg. 2. Plaintiff selected the box indicating the basis for this Court's jurisdiction over the case is federal question. See id. at 3. Plaintiff asserts one claim of being falsely accused of threatening under the False Claims Act, 31 U.S.C. §§ 3729-3733. See ECF No. 1-1, pg. 1.

Plaintiff asserts he was falsely accused of making verbal threats to a Social Security Administration worker. See id. at 5. Plaintiff states the worker reported the incident to the Department of Homeland Security (DHS)[1], which resulted in a DHS agent interviewing Plaintiff. See id. Plaintiff states the DHS agent informed Plaintiff he had not committed a crime at the Social Security Office. See id. at 6. Plaintiff states he subsequently received a letter from the U.S. Social Security Administration, notifying Plaintiff that he is banned from entering the Social Security Office. See id. Plaintiff states this incident has caused emotional distress, including anxiety, depression, distrust, social isolation, and mental and physical stress. See id. at 7. Plaintiff requests punitive damages in the amount of $75,000. See id.

---

[1] Plaintiff refers to "homeland security" and "homeland security agent." The Court assumes Plaintiff is referring to the Department of Homeland Security.

## II. DISCUSSION

The Court finds Plaintiff's claim, as currently pleaded, fails to state a claim upon which relief can be granted. More specifically, Plaintiff does not include adequate facts to establish a cognizable claim under the False Claims Act.

The False Claims Act is intended to cover all types of fraud which might result in financial loss to the Government. United States v. Neifert-White Co., 390 U.S. 228, 232 (1968). To state a claim under the False Claims Act, a plaintiff must show: "(1) a false statement or fraudulent course of conduct, (2) made with scienter, (3) that was material, causing (4) the government to pay out money or forfeit moneys due." U.S. ex rel. Hendow v. University of Phoenix, 461 F.3d 1166, 1174 (9th Cir. 2006). The scienter element requires a person to have "'actual knowledge of the information', 'acts in deliberate ignorance of the truth or falsity of the information', or 'acts in reckless disregard of the truth or falsity of the information.'" Universal Health Services, Inc. v. U.S., 579 U.S. 176, 182 (2016) citing 31 U.S.C. § 3279(b)(1)(A).

Based on Plaintiff's allegations, it is unclear what fraud Plaintiff is alleging to constitute a claim under the False Claims Act. It is not clear which government agency was defrauded, nor how it was defrauded. Out of an abundance of caution and due to Plaintiff being a pro se litigant, Plaintiff will be given leave to amend the original complaint to cure these deficiencies.

## III. CONCLUSION

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, Plaintiff is entitled to leave to amend prior to dismissal of the entire action. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Thus, following dismissal with leave to amend, all claims alleged in the original complaint which are not alleged in the amended complaint are waived. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). Therefore, if Plaintiff amends the complaint, the Court cannot refer to the prior pleading in order to make

Plaintiff's amended complaint complete. See Local Rule 220. An amended complaint must be complete in itself without reference to any prior pleading. See id.

If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation. See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Finally, Plaintiff is warned that failure to file an amended complaint within the time provided in this order may be grounds for dismissal of this action. See Ferdik, 963 F.2d at 1260-61; see also Local Rule 110. Plaintiff is also warned that a complaint which fails to comply with Rule 8 may, in the Court's discretion, be dismissed with prejudice pursuant to Rule 41(b). See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's original complaint is dismissed with leave to amend; and

2. Plaintiff shall file a first amended complaint within 30 days of the date of service of this order.

Dated: July 9, 2026

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE